UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CROTON FALLS GAS MART, INC., : <br> TUCKAHOE ROAD SNACK MART, INC., : <br> RT. 1 PORT CHESTER SNACK MART, INC., : <br> YONKERS CENTRAL AVE. SNACK MART, : <br> INC., BUCHANAN FOOD & GAS, INC., : <br> SOUTH BROADWAY SNACK MART, INC., : <br> 202 GAS MART, INC., and CROTON GAS : <br> MART, INC., : <br>     Plaintiffs, : <br>  : <br> v.        :  <br>  : <br> NY FUEL DISTRIBUTORS, LLC, and : <br> METRO NY DEALER STATIONS, LLC, : <br>     Defendants, : <br> ------------------------------------------------------- : <br> NY FUEL DISTRIBUTORS, LLC, and : <br> METRO NY DEALER STATIONS, LLC, : <br>     Third Party Plaintiffs, : <br>  : <br> v.        : <br>  : <br> SAMMY EL JAMAL      : <br>     Third Party defendant. : | 7:11-cv-06621-WWE |

## MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION TO DISMISS

Third party plaintiff NY Fuel Distributors, LLC ("NYFD") filed this action against third party defendant Sammy El Jamal for nonpayment of deliveries of motor fuel and rent. Third party defendant has moved to dismiss for failure to state a claim. For the following reasons, third party defendant's motion to dismiss will be granted.

## BACKGROUND

Basic understanding of the complex underlying suit is presumed. Thus, the Court will

outline only the facts relevant to the third party complaint.[1]  For purposes of ruling on this motion to dismiss, the Court accepts the allegations of the third party complaint as true and draws all inferences in favor of third party plaintiff.

Third party plaintiff NYFD entered into contracts with several gas stations whereby NYFD agreed to supply the stations with facilities and fuel.  Third party defendant Sammy El Jamal is a principal and officer of each of the gas stations.  He was also the manager of third party *plaintiff* when the third party complaint was filed.  Mr. El Jamal has since been removed as manager of NYFD.

The contracts between NYFD and the gas stations contained personal guarantee provisions whereby third party defendant personally guaranteed payment and performance by the gas stations.  In the event that monies were not paid to NYFD when due, Sammy El Jamal agreed to immediately pay such monies on demand.

NYFD has substantially performed all of its obligations under the contracts.  The gas stations have breached their obligations by failing to pay NYFD for motor fuel deliveries and rent, together with interest and related charges totaling more than $800,000.  Third party plaintiff alleges that Sammy El Jamal has also materially breached his obligations to NYFD under the guarantee provisions by failing to remit to NYFD the payment for the motor fuels and rent, together with interest and all related charges.

Third party defendant has moved to dismiss for failure to state a claim on the grounds that (1) no consideration exists for the guarantees at issue, (2) NYFD had no authority to commence the third party action, and (3) no demand was ever made upon the guarantees.

---

[1] Third party plaintiffs requested that the Court dismiss the claims by Metro NY Dealer Stations, LLC without prejudice.  Therefore, NYFD remains as the sole third party plaintiff.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Consideration**

Third party defendant contends that no consideration exists for the guaranties at issue because no credit was ever extended by NYFD. However, the third party complaint specifically pleaded that consideration exists and stated that more than $800,000 is due for rent and the delivery of motor fuel to Tuckahoe Road, Port Chester and South Broadway stations. The Court must accept third party plaintiff's allegations as true and cannot resolve this factual dispute through ruling on a motion to dismiss.

**Authority**

Third party defendant argues that NYFD lacked authority to commence this third party action because Sammy El Jamal was exclusively in charge of NYFD's day-to-day operations on the date this action was commenced. Third party plaintiff contends that resolving this conflict

would require the Court to consider NYFD's operating agreement not referenced in the third party complaint to determine whether the lawsuit is a "major event" under the operating agreement and, therefore, not within the realm of day-to-day operations.  Further, third party plaintiff argues that the instant matter would clearly qualify as a major event which would allow the action to be commenced without Sammy El Jamal's consent.

Third party defendant asserts that commencement of litigation is not delineated as a "major event" under the Operating Agreement.  More importantly, even "major event" actions require Sammy's consent, which he did not give.  Furthermore, NYFD appears to be a single member LLC whose single member is NY Fuel Holdings, LLC.  At the time of NYFD's formation, NY Fuel Holdings was managed by none other than Sammy El Jamal.  Hence, Sammy is the sole signatory representing the sole member of NYFD on NYFD's original operating agreement.

"In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference in the complaint." Hayden v. County of Nassau, 180 F.3d 42, 54 (2d Cir. 1999).  With an issue as fundamental as authority to bring suit, the Court is more likely to find documents incorporated by reference or even to convert a motion to dismiss into a motion for summary judgment.  See id.  However, considering that Sammy El Jamal was removed as manager of NYFD after the filing of the third party complaint and that the third party complaint will be dismissed for a separate reason set forth below, the Court does not and may never reach the issue of incorporation by reference regarding authority to bring suit.

**Demand**

Third party defendant argues that third party plaintiff never made demand upon the guarantees and that the complaint contains no allegation that any demand for payment was ever made upon Sammy El Jamal. Under New York law, obligation to pay a sum on demand, not itself due independently, arises only after demand has been made. First Nat. Bank v. Story, 200 N.Y. 346, 355 (1911); see also J.P. Doumak, Inc. v. Westgate Financial Corp., 776 N.Y.S.2d 1, 64 (2004). "As according to the promise nothing was payable except on demand, there could be no breach until demand [was] made." First Nat. Bank, 200 N.Y. at 355. Third party plaintiff admits demand for payment was not made prior to the filing of this complaint. Therefore, the third party complaint will be dismissed. However, demand has been made since the filing of the third party complaint. Accordingly, the Court will grant third party plaintiff's request to replead.

## CONCLUSION

For the foregoing reasons, third party defendant's motion to dismiss is GRANTED. Third party plaintiff may file an amended third party complaint consistent with this ruling within fourteen days of this ruling's filing date.

Dated this 6th day of September, 2012 at White Plains, New York.

_____/s/_____
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE